IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS W. HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:12-CV-279-WKW |
| | ) [WO] |
| THE ALABAMA BOARD OF | ) |
| PARDONS AND PAROLES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Thomas W. Holmes brings this employment discrimination action against the Alabama Board of Pardons and Paroles and eight of its employees: William W. Wynne, Jr.; Robert P. Longshore; Clifford Walker; Cynthia Dillard; Phil Bryant; Eddie Cook, Jr.; Jim Begley; and Phillip McIntosh. The matter comes before the court on Defendants' Motion to Dismiss (Doc. # 43), which is fully briefed (Docs. # 46, 47). For reasons that follow, the motion is due to be granted in part and denied in part.

**I. JURISDICTION AND VENUE**

Subject matter jurisdiction over this action is exercised pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. The parties do not contest personal jurisdiction or venue. Questions of sovereign immunity are discussed below.

## II.  FACTUAL BACKGROUND[1]

Mr. Holmes has been a probation officer for over a decade.  He is good at his job, and he has won awards for his consistently above-average performance.  One might expect that Mr. Holmes would have been promoted by now, but he still occupies the same entry-level position he was hired for in 2001.

According to Mr. Holmes, the problem is discrimination:  He is a 52-year-old, white male working at an agency where the promotions go to younger employees, minorities, and females.  Further, Mr. Holmes says the Board facilitates that pattern of intentional discrimination by helping favored groups cheat on their promotional exams.

Mr. Holmes claims he has been a victim of this discrimination ever since he was first eligible for promotion in 2009.  Although ranked highly in the state's promotion register in 2010, Mr. Holmes was repeatedly passed over for promotions that went to younger employees, minorities, and females.  And in 2011, two African-American males and a white female were promoted to supervisors, even though Mr. Holmes was better qualified for those jobs.

In July 2011, Mr. Holmes complained to the Board about this discrimination, but to no avail.  That August, he filed a charge of discrimination with the Equal

---

[1] These facts are the allegations of the complaint, accepted as true for present purposes.

Employment Opportunity Commission. On New Year's Eve, Mr. Holmes received notice of his right to sue, and on March 28, 2012, he filed suit in this court. His case comes before the court on Defendants' motion to dismiss. (Doc. # 43.)

### III. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted).

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id*. at 555.

## IV.  DISCUSSION

In his shotgun complaint, Mr. Holmes leveled six counts of wrongdoing against nine defendants. Defendants returned fire with a fifty-eight page brief arguing in painstaking detail why every last one of Mr. Holmes's claims should be thrown out – at the expense of concisely explaining the obvious flaws that mandate dismissal of most of Mr. Holmes's claims. The result is a maze of allegations, adverbs, and incorporations by reference that buries a simple case under a heap of unnecessary parties and unfounded contentions.

It would be well within the court's discretion to strike Mr. Holmes's complaint, which commits the "cardinal sin" of shotgun pleading, and require him to properly plead his case. *See Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.*, 500 F.3d 1293, 1311 (11th Cir. 2007) (defining the cardinal sin of shotgun pleading); *Magluta v.*

*Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (refusing to consider an appeal from dismissal of a shotgun complaint until it was repleaded in compliance with Rule 8). But here there is nothing to gain from delay, so the better course is to "take a firm hand and whittle [this case] down to the few triable claims, casting aside the many non-triable ones through dismissals where there is failure to state a claim." *Chapman v. AI Transport*, 229 F.3d 1012, 1027 (11th Cir. 2000). At its heart, this case is nothing more than a Title VII claim against the Board. As the following discussion will show, all the other claims and parties are due to be dismissed.

**A.     All but one of Mr. Holmes's claims are due to be dismissed.**

***1.     The Board is immune from suit on the § 1983 and age-discrimination claims.***

Under the Eleventh Amendment, this court lacks jurisdiction to entertain Mr. Holmes's claims against the Board under § 1983,[2] *see Stroud v. McIntosh*, No 2:11-cv-6-MEF, 2011 WL 6838046, at *2–3 (M.D. Ala. Dec. 29, 2011),[3] and the Age

---

[2] Although the amended complaint lists Mr. Holmes's § 1981 and § 1983 claims in different counts, they are in reality two aspects of the same cause of action: § 1981 defines a set of substantive rights, and § 1983 provides a remedy for their violation. *Jones v. Fulton Cnty., Ga.*, 446 F. App'x. 187, 189 n.1 (11th Cir. 2011). As a result, Mr. Holmes's claim for violations of § 1981 merges into his claim for relief under § 1983, and the two counts are considered together. Accordingly, because § 1981 does not provide an independent ground for relief, Count I is due to be dismissed.

[3] Judge Fuller's well-reasoned opinion in *Stroud* explains the Board's immunity in greater detail. That decision involved a nearly identical Title VII claim against the Board brought by a plaintiff represented by Mr. Holmes's counsel.

Discrimination in Employment Act, *id.* at *3. Nor has Mr. Holmes cited any authority suggesting the Board is not immune from his state-law age-discrimination claim, which would not be allowed even in Alabama state courts, *see Buchanan v. Alabama Dept. of Public Health*, 1:05-cv-170-SRW, 2006 WL 2989215, at *3 (M.D. Ala. 2006 Oct. 18, 2006) (dismissing Alabama Age Discrimination in Employment Act claim against a state agency for lack of jurisdiction). As Mr. Holmes points out, Congress has authority to abrogate Eleventh Amendment immunity in appropriate circumstances. (The Board is subject to suit on Title VII claims, for example.) But Congress has not done so to allow claims under § 1983 or the age-discrimination statutes, so the Board is entitled to Eleventh Amendment immunity on Counts I, III, and IV.

> 2. *The individual Defendants cannot be liable under Title VII or the age-discrimination statutes.*

Mr. Holmes also brings claims against the individual Defendants under Title VII and the state and federal age-discrimination statutes. Those statutes, however, create causes of action against employers, not individuals. *See Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir.1995) (noting individuals "cannot be liable under the ADEA or Title VII"); Ala. Code 1975 § 25-1-21 (plain language applies only to discrimination by an "employer, employment agency, or labor organization").

Therefore, the individual Defendants, who are not Mr. Holmes's employers, are entitled to dismissal on Counts II, IV, and V.

### 3. *Mr. Holmes has not pleaded facts sufficient to support his claims under § 1983 against the individual Defendants.*

Although Mr. Holmes accuses Defendants of collectively violating his constitutional and statutory rights, his complaint does not contain a single factual allegation aimed at any particular person. Instead, the complaint is rife with generalizations like "Defendants . . . offered promotions available . . . to Probation and Parole Officers who were African-American, Hispanic, female, and/or younger than forty years of age" (Doc. # 41 ¶ 18), and ". . . younger, African-American, and/or female employees have been wrongfully assisted by the Defendants" (Doc. # 41 ¶ 21). Nowhere in the complaint does Mr. Holmes accuse any one of the individual Defendants of taking any particular action.

The complaint's blanket allegations do not put any of the individual Defendants on notice of the basis of Mr. Holmes's claims against them. Although the *Iqbal* and *Twombly* decisions changed the landscape of notice pleading, they did not change the base requirement that a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotations omitted, omission in original). But through indiscriminate use of the term

*Defendants*, Mr. Holmes's amended complaint fails to do so. Every Defendant is accused of refusing to promote Mr. Holmes (Doc. # 41, ¶¶ 18, 37), but the amended complaint does not indicate who among the Defendants had the authority to promote him or was even involved in such decisions. Nor does the amended complaint indicate which of them helped minority, female, and younger employees succeed on their promotional tests while white males like Mr. Holmes were left to fend for themselves.

Because Mr. Holmes does not identify what alleged conduct is attributable to which of the individual Defendants, his right to relief from any one of them is speculative. Accordingly, Mr. Holmes's complaint fails to adequately plead a claim for relief under § 1983 against the individual Defendants.[4]

### *4.   The individual Defendants are immune from suit on the wantonness claim.*

In Alabama, State-agent immunity protects employees of the state from individual civil liability for conduct that includes, among other things, "exercising . . . judgment in the administration of a department or agency of government, including . . . hiring, firing, transferring, assigning, or supervising personnel." *Ex parte Butts*, 775 So. 2d 173, 177–78 (Ala. 2000). Although there is an exception for particularly

---

[4] If appropriate, Mr. Holmes may move for leave to amend his complaint and cure this deficiency by specifying whom he accuses of what.

egregious conduct, "wanton misconduct . . . does not rise to the level of willfulness and maliciousness necessary to put the State agent beyond . . . immunity." *Ex parte Randall*, 971 So. 2d 652, 664 (Ala. 2007). Accordingly, even if a cause of action for wanton employment discrimination exists (a questionable assumption), the individual Defendants cannot be liable for their allegedly wanton misconduct.

### 5. *Mr. Holmes has not pleaded facts sufficient to support his claims for hostile work environment and outrage.*

Mr. Holmes's claims for hostile work environment and outrage are due to be dismissed for failure to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). Mr. Holmes's hostile-work-environment claim requires allegations of workplace harassment "severe or pervasive enough to alter the terms and conditions of [his] employment and create a hostile or abusive working environment." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010). His outrage claim requires allegations of conduct "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Little v. Robinson*, 72 So. 3d 1168, 1172 (Ala. 2011). Accepting Mr. Holmes's allegations as true, nothing in the amended complaint suggests it is plausible he can meet either of those standards.

**B.     Mr. Holmes's Title VII claim against the Board survives.**

Although most of Mr. Holmes's claims are legally defective, the Title VII failure-to-promote claim against the Board remains.  Citing the lack of direct or statistical evidence in the amended complaint, along with a purported failure to present circumstantial evidence under the *McDonnell Douglas* framework, Defendants argue Mr. Holmes has failed to state a claim under Title VII.

But Defendants are making summary judgment arguments to support their motion to dismiss.  For instance, the *McDonnell Douglas* framework, which Defendants discuss at length, "is an evidentiary standard, not a pleading requirement," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002), and thus has no place in a motion to dismiss.  In fact, all but one of the cases to which Defendants cite to argue Mr. Holmes has not stated a claim under Title VII were decisions on summary judgment, not motions to dismiss.  (*See* Doc. # 43, at 14–24 (citing twelve opinions on summary judgment and one dealing with judgment as a matter of law).)  It is undoubtedly true that the bare facts Mr. Holmes alleged in his complaint would not defeat summary judgment.  But this case has not progressed so far, and Defendants' arguments on the Title VII claim are largely irrelevant.

When the proper standard is applied, Mr. Holmes's Title VII claim survives.  The amended complaint states that Mr. Holmes is "a Caucasian male."  (Doc. # 41 ¶

5.) It alleges that although Mr. Holmes "has been qualified and eligible for promotion" for years, "he has been continually passed over in favor of younger, African-American or Hispanic, and/or female officers with less experience." (Doc. # 41 ¶ 17.) To that end, Mr. Holmes cites at least three specific instances when less-qualified females and minorities were promoted instead of him. (Doc. # 41 ¶ 22.) Allegedly, those hiring decisions were "based upon his race and/or gender." (Doc. # 41 ¶ 32). According to the United States Supreme Court, "a disparate-treatment plaintiff must establish that the defendant had a discriminatory intent or motive for taking a job-related action." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (internal quotations omitted). The factual allegations of the amended complaint plausibly show that the Board did just that. As a result, Mr. Holmes's Title VII disparate-treatment claim against the Board survives Defendants' motion to dismiss.

## V. CONCLUSION

Accordingly, it is ORDERED that Defendants' motion to dismiss (Doc. # 43) is GRANTED in part and DENIED in part as follows:

(1) Plaintiff's claims against the Board under § 1981, § 1983, the Age Discrimination in Employment Act, and the Alabama Age Discrimination in Employment Act (Counts I, III, and IV) are DISMISSED with prejudice for lack of subject matter jurisdiction;

(2) Plaintiff's hostile-work-environment claim against the Board in Count V is DISMISSED for failure to state a claim upon which relief can be granted;

(3) All of Plaintiff's claims against the individual Defendants are DISMISSED for failure to state a claim upon which relief can be granted; and

(4) With regard to Plaintiff's Title VII claim (Count II) against the Board, Defendants' motion is DENIED.

DONE this 17th day of January, 2013.

                                              /s/ W. Keith Watkins
                                   CHIEF UNITED STATES DISTRICT JUDGE